UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
LOONG CHEE MIN and FRANK J. FISH,        :    18cv10635 (DLC)
                                         :
                Plaintiffs,              :    MEMORANDUM OPINION
                                         :        AND ORDER
        -v-                              :
                                         :
LONGFIN CORP., VENKAT S. MEENAVALLI,     :
AMRO IZZELDEN ALTAHAWI, SURESH           :
TAMMINEEDI, DORABABU PENUMARTHI, and     :
NETWORK 1 FINANCIAL SECURITIES, INC.,    :
                Defendants.              :
                                         :
---------------------------------------- X

DENISE COTE, District Judge:

This is an action for federal securities and common law fraud claims brought by two plaintiffs against defendants Longfin Corp ("Longfin"), Venkata S. Meenavalli ("Meenavalli"), Amro Izzelden Altahawi ("Altahawi"), Suresh Tammineedi ("Tammineedi"), Dorababu Penumarthi ("Penumarthi"), and Network 1 Financial Securities Inc. ("Network 1"). The plaintiffs filed an amended complaint on February 8, 2019 ("FAC"). The allegations in the FAC are largely identical to those set forth in the related federal securities class action before this Court, In re Longfin Corp. Securities Class Action Litigation, 18cv2933 (filed Feb. 3, 2018). On April 11, 2019, this Court partially granted Network 1's motion to dismiss the federal claims brought against it in In re Longfin. See In Re Longfin, No. 18cv2933(DLC), 2019 WL 1569792 (S.D.N.Y. Apr. 11, 2019)

("April 11 Opinion"). The background, legal standards, and reasoning of the April 11 Opinion are incorporated by reference in this Opinion.

On February 1, 2019, Network 1 filed a motion to dismiss the FAC pursuant to Rule 12(b)(6), Fed. R. Civ. P. and the Private Securities Litigation Reform Act ("PSLRA"). For the reasons set forth in the April 11 Opinion, this motion is granted as to the plaintiffs' claim under Section 12(a)(1) of the Securities Act of 1933 (the "Securities Act") and denied as to the plaintiffs' claim under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.

In this action the plaintiffs also bring a common law fraud claim under New York law against Network 1. "The elements of fraud under New York law are: [1] a misrepresentation or a material omission of fact which was false and known to be false by defendant, [2] made for the purpose of inducing the other party to rely upon it, [3] justifiable reliance of the other party on the misrepresentation or material omission, and [4] injury." Premium Mortg. Corp. v. Equifax, Inc., 583 F.3d 103, 108 (2d Cir. 2009) (citation omitted). "Rule 9(b) requires that in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." United States ex rel. Ladas v. Exelis, Inc., 824 F.3d 16, 25 (2d

2

Cir. 2016) (citation omitted).

The FAC fails to state a claim for common law fraud against Network 1 because it does not identify a misrepresentation or omission by Network 1 relied upon by the plaintiffs, let alone with the particularity required under Rule 9(b), Fed. R. Civ. P. As discussed in the April 11 Opinion, the allegations at issue here state a claim that Network 1 participated in a scheme to defraud investors cognizable under Rule 10b-5. The allegations contained in the FAC do not, however, identify facts sufficient to plead each element of common law fraud under New York law.

## Conclusion

Network 1's February 1, 2019 motion to dismiss is granted as to the Section 12(a)(1) claim and the common law fraud claim, and denied as to the Section 10(b) and Rule 10b-5 claim.

Dated: New York, New York
April 12, 2019

_____
DENISE COTE
United States District Judge